GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 404-6615
Facsimile (415) 404-6616
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

ORIGINAL FILED 09 FEB -3 PM 3:38 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
E-filing

CRB

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1-17, individuals,<br><br>Defendants. | CV 09 CASE NO. 0493<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

## INTRODUCTION

1. This is an action by IO GROUP, INC. a California corporation, d/b/a TitanMedia®, ManPlay® and MSR® to recover damages arising from infringement of Io Group's copyrights in its creative works by Defendants JOHN DOE 1through 23, whose true names have not yet been determined, and to enjoin defendants from future infringement. Defendants reproduced, distributed and publicly displayed, through the Internet certain Titan Media-owned audiovisual

# THE PARTIES

2. Io Group, Inc. is a California corporation doing business as TitanMedia®, ManPlay® and MSR® with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Io Group produces, markets, and distributes adult entertainment products, including Internet website content, DVDs, photographs, calendars, and related material. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee.

3. The true name of defendant sued herein as JOHN DOE 1 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 1, using the pseudonym "aBearLover2" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

4. The true name of defendant sued herein as JOHN DOE 2 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 2, using the pseudonym "OmarBanks" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

5. The true name of defendant sued herein as JOHN DOE 3 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 3, using the pseudonym "Sexycaramel" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

6. The true name of defendant sued herein as JOHN DOE 4 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 4, using the pseudonym "m70" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

7. The true name of defendant sued herein as JOHN DOE 5 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 5, using the pseudonym "mike75634860" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

8. The true name of defendant sued herein as JOHN DOE 6 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 6, using the pseudonym "jmylad" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

9. The true name of defendant sued herein as JOHN DOE 7 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 7, using the pseudonym "DvsUrsus" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

10. The true name of defendant sued herein as JOHN DOE 8 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 8, using the pseudonym "Mike" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

11. The true name of defendant sued herein as JOHN DOE 9 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 9, using the pseudonym "DanGA" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

12. The true name of defendant sued herein as JOHN DOE 10 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 10, using the pseudonym

"manleymike" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

13. The true name of defendant sued herein as JOHN DOE 11 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 11, using the pseudonym "Ethan" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

14. The true name of defendant sued herein as JOHN DOE 12 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 12, using the pseudonym "jc1kz" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

15. The true name of defendant sued herein as JOHN DOE 13 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 13, using the pseudonym "cr38tive" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

16. The true name of defendant sued herein as JOHN DOE 14 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 14, using the pseudonym "SteveM" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

17. The true name of defendant sued herein as JOHN DOE 15 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 15, using the pseudonym "nhbibear" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

-4-

COMPLAINT

18. The true name of defendant sued herein as JOHN DOE 16 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 16, using the pseudonym "RC31" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

19. The true name of defendant sued herein as JOHN DOE 17 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 17, using the pseudonym "Dave86" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

20. The true name of defendant sued herein as JOHN DOE 18 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 18, using the pseudonym "lightercynic" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

21. The true name of defendant sued herein as JOHN DOE 19 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 19, using the pseudonym "D" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

22. The true name of defendant sued herein as JOHN DOE 20 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 20, using the pseudonym "Roman" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

## JURISDICTION

23. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

24. The Court has personal jurisdiction over Defendants. Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California knowing they would cause injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over defendants.

## INTRADISTRICT ASSIGNMENT

25. Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

26. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND

27. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid detection, identification and prosecution. Defendant's activities complained of herein exemplify one of the latest incarnations of on-line digital piracy.

28. Ning.com operates a web-based platform that allows users to create their own on-line social networks. Network creators can program and design their networks to fit their

particular needs.  Network creators can regulate who joins their social network and what material is broadcast by and through their network. Creators can also make and enforce their own terms of service.  They may also sell advertising space on their network pages.

29. Defendants are each members Ning.com social specifically designed to reproduced, publicly display and distribute adult material without regard for copyrights.

30. Defendants, without authorization copied plaintiff's registered works, and then distributed and displayed the unauthorized copies on various Ning.com social networks.

## FACTS COMMON TO ALL CLAIMS

31. Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995).  Since then plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing.  Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

32. The audiovisual works at issue in this action are of obvious high production value and are easily discernable as a professional works.  The works were each produced using professional performers, directors, cinematographers, lighting technicians, set designers and editors.  The works were each created with professional grade cameras, lighting and editing equipment.

33. The audiovisual works at issue in this action are each either directly registered to plaintiff through the United States Copyright Office or the copyrights have been assigned to Io Group and the assignment has been registered with the United States Copyright Office.

34. Prior to distribution, each of plaintiff's works, including each of the infringed works at issue in this action, is marked with plaintiff's trademark, a copyright notice, a warning

that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

35. Plaintiff is informed and believes and based thereon alleges that defendants knew or should have known that plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

36. At various times, during regular inspections of Internet websites, plaintiff's employees discovered and documented various Io Group, Inc. copyrighted works being publicly displayed and or distributed by and through various Ning.com social networks.

37. Plaintiff subsequently sent notice to Ning, Inc., the provider of hosting and other services for the social networks, requesting that the infringing file be blocked or removed.

38. Under the subpoena provisions of 17 U.S.C. §512(h), plaintiff obtained the ip addresses and e-mail addresses of each of the Doe defendants, as well as, other infringers. Plaintiff contacted each of the infringers through their e-mail address in an attempt to resolve the matter without filing this action or engaging in formal discovery. While plaintiff reached a settlement with some infringers, the Doe defendants either failed to respond or the parties were unable to reach a settlement agreement.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

39. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38, inclusive.

40. At all times relevant hereto, plaintiff has been the producer and owner of the photographic and audiovisual works reproduced, distributed and publicly displayed by defendants by and through various Ning.com social networks.

41. Plaintiff holds a copyright registration certificate from the United States Copyright Office for each of the infringed works. A list of the infringed works and a copy of the copyright registration certificate for each infringed work is attached hereto as Exhibit A.

<u>Defendants Engaged in Acts to Which the Copyright Owner Holds the Exclusive Right</u>

42. Defendants and each of them reproduced, distributed and publicly displayed plaintiff's audiovisual works, by and through various social networks on the Ning.com platform.

43. Plaintiff did not authorize defendant's reproduction, display or distribution of the works.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

44. Defendants infringed the copyrights in plaintiff's creative works by reproducing, distributing and/or publicly displaying the works by and through various Ning.com social networks without proper approval or authorization of plaintiff.

45. Every work created by plaintiff is identified with plaintiff's mark and thus defendants knew or should have known the infringed work belonged to plaintiff.

46. Plaintiff is informed and believes and based thereon alleges that defendants knew or should have known the works in question are professional works and likely subject to copyright.

47. Plaintiff is informed and believes and based thereon alleges that Defendants knew they did not have permission to engage in any of the acts held exclusively by copyright holders.

48. Plaintiff is informed and believes and based thereon alleges that defendants knew or should have known their acts constituted copyright infringement.

49. Defendants' conduct was willful within the meaning of the Copyright Act.

50. As a result of their wrongful conduct, defendants are liable to plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

51. Plaintiff is entitled to recover damages, which include its losses and any and all profits defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

52. In addition, because defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

53. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## JURY DEMAND

54. Plaintiff hereby demands a jury trial in this case.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter a judgment against all defendants that they have:

    a. willfully infringed plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and

    b. otherwise injured the business reputation and business of plaintiff by all defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against all defendants, and that all defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to plaintiff;

(3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of plaintiff's audiovisual works, photographs or other materials, which are in defendants' possession or under their control;

(4) That the Court order all defendants to pay plaintiff's general, special, actual and statutory damages as follows: plaintiff's damages and defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendants' willful infringement of plaintiff's copyrights; and

(5) That the Court order all defendants to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6) That the Court grant to plaintiff such other and additional relief as is just and proper.

to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendants' willful infringement of plaintiff's copyrights; and

(5) That the Court order all defendants to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6) That the Court grant to plaintiff such other and additional relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

Dated: 2-3-2009

Respectfully submitted,

GILL SPERLEIN
Attorney for Plaintiff, Io Group, Inc.

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: 2·3·2009

Respectfully submitted,

GILL SPERLEIN
Attorney for Plaintiff, Io Group, Inc.